## CHARLES McFADDEN v. JULIA RAUSCH.

ERROR TO THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued February April 27, 1888—Decided April 9, 1888.

1. On the trial of an action to recover for injuries to real estate caused by the negligence of defendant's employees, the court charged the jury that there was no dispute as to the plaintiff being entitled to recover something, and that the only question in the case was as to the amount of damages: *Held,*

That, as the case showed that the plaintiff's title and the cause of action were not denied and that the only subject mooted at the trial and about

which there was any conflicting evidence, was the amount of damages to be recovered, and no question raised at the time as to the correctness of the instruction, it was not error.

2. A claim for exemplary damages was submitted to the jury based upon proof of declarations made by a person about the place of the injury, but not made in the presence of defendant. The jury returned a verdict for a sum certain for actual damages, a sum certain for exemplary damages; and for a sum certain the aggregate of both. On error, *Held*,

That, the testimony being inadmissible, the submission of the question of exemplary damages based upon it, was erroneous and judgment should be entered eliminating the sum returned as for exemplary damages.

3. An assignment of error based upon the admission of testimony, alleged to be incompetent under the pleadings, will not be considered when the pleadings are not placed before the court by the plaintiff in error.

4. Whether a master is liable to exemplary damages for an injury resulting from the wanton recklessness of a servant, not decided.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 99 January Term 1887, Sup. Ct.; court below, No. 22 October Term, 1885, C. P.

On September 19, 1885, a summons in case was issued by Julia Rausch against Charles McFadden, to recover damages for injuries to a dwelling house owned by the plaintiff and in the occupancy of a tenant, caused by alleged negligent blasting.

At the trial on May 12, 1886, it was made to appear that the defendant was a contractor for the construction of the Reading & Pottsville Railroad, now the Pennsylvania Schuylkill Valley Railroad; that on September 15, 1885, a number of laborers employed by him were engaged under the direction of a foreman, in excavating a cut within fifteen or eighteen feet of the plaintiff's house in Hamburgh, when they put off a blast the effect of which was to shatter the walls, throw over the chimney, and to put the house so out of shape that the doors would not close. After a plot of the premises, made from measurements and from the plaintiff's deeds, was put in evidence, the plaintiff's testimony related entirely to a description of the explosion, the extent of the injuries and the amount of damages.

Frederick Machemer, called for plaintiff, saw the explosion; he was back in the lot sawing wood: Q. Do you know how

large a quantity of powder was put in ?    A. I did not see it;
I can say only what I heard said.    Q. Whom did you hear say
it?    A. I heard it from the people who were working there.
Q. What was it?    A. They said nine kegs, nine cases and
also dynamite.

Jonathan Baer, afterwards called for plaintiff: Q. Do you
know who was in charge of these men?    A. I saw the man in
the evening; it was almost quitting time; I came there and
saw them there walking around.    Q. Was he drunk or sober?
A. I did not call him sober; I think he was drunk.    Do you
know anything about the quantity of powder used?    A. Why,
nine kegs and some dynamite.    I heard them say it; there
were people sitting around and standing around there ; that
he had put in nine kegs of powder and some dynamite, and he
said he was going to give Hamburgh a shock once.

Mr. Ruhl, for defendant: I object to that and ask the court
to strike it out.

The court: That would not be evidence ; the testimony
must be stricken out and disregarded by the jury.

Q. What about this quantity of nine kegs of powder and
some dynamite.    Is that a reasonable quantity. to put in so
close to the house ?    A. I judge it is an over dose.    Indeed,
I do ; I think it is rather too much.

The plaintiff's case closed, but two witnesses were called by
the defendant, Martin H. Mates and Paul N. Miller.    These
witnesses were carpenters and their testimony related solely to
question of damages.

The court, ERMENTROUT, J., charged the jury and answered
the only point presented as follows:

Gentlemen of the Jury: It appears from the evidence that on
September 15, 1885, whilst the laborers employed by Mr.
McFadden, the defendant, were engaged in excavating on
property near that of the plaintiff, there was blasting, and as a
result of that blasting there was injury done to the house of the
plaintiff.    The plaintiff had at that time owned and occupied
it with her family for some thirty-three years.    [There is no
dispute here as to the plaintiff being entitled to recover some-
thing.    The only question in the case is as to the amount of
damages that the jury ought to assess for the injury done.] [1]

Charge of Court below.

The plaintiff's counsel ask us to say to you: That if the jury believe that the defendant used nine kegs of powder and dynamite in one blast which was within fifteen or eighteen feet of plaintiff's house; and further find that this was gross negligence and wanton recklessness, then the plaintiff is entitled to receive, in addition to compensatory damages, such exemplary damages, as under all the circumstances of the case would be reasonable.

This point is affirmed.[2]

[In general, the rule for the measure of damages, in cases of injuries of this nature, is actual compensation for the injury done. The owner of the property may recover for an injury which permanently affects or depreciates his property, and the ordinary rule would be actual compensation; that is, such damage as would make the plaintiff whole for the injury which she may have suffered at the hands of the defendant. There is, however, this qualification of that rule, that where the act done is grossly negligent, or is the result of wanton recklessness, the jury are allowed to find exemplary damages; that is, such damages which, in addition to compensating the owner, are given in the way of punishment for the gross negligence or wanton recklessness.][3]

[You will, therefore, in the examination of this evidence, first ascertain whether this is a case for actual compensation alone, or whether there is such evidence of gross negligence or wanton recklessness in the case as calls for giving exemplary damages.][4] In ascertaining this, you will take into consideration all the evidence that has been submitted to you as to the nature and extent of this injury. You are to assess the damages. [Take into consideration the value of the property as it stood before the accident, and the value of the property as it was after the accident, and if you find that this is a case simply for actual compensation give such damages as will make the plaintiff whole for the injury which she sustained; if you find it was the result of gross negligence or wanton recklessness, then you may give in addition such damages as in your judgment, taking into consideration all the facts in the case, and in your sound discretion, you may determine should be paid.][5]

Charge of Court below.

The jury returned a verdict "for the plaintiff in the sum of $629, actual damages, and the sum of $71 as exemplary damages, in all the sum of $700." On November 3, 1886, a motion for a new trial having been refused, judgment was entered on the verdict, and on November 10th the defendant filed this writ of error.

Subsequently the plaintiff by her attorneys presented a verified petition showing:

That upon the trial of the above stated cause it was agreed and admitted by the counsel of the defendant trying the cause, that the plaintiff had title to the premises injured; and it was further admitted by said counsel in open court that the defendant was liable in damages, and that the only dispute before the jury was as to the measure and amount of damages to be awarded by the jury.

That neither of said admissions appear of record.

Your petitioners therefore pray the court to amend the record so that said admissions may appear as part of the proceedings, and they will ever pray, etc.

To this petition the defendant by his attorneys filed a verified answer, showing:

The defendant's attorneys aforesaid admit that proof of the title of the plaintiff to the property described in the declaration was waived by the defendant's counsel upon the trial, but they have no recollection of any admission made by them that the defendant was liable in damages and that the only dispute before the jury was as to the measure and amount of damages to be awarded by the jury. The defendant's attorneys are not conscious of any intent on their part to make such admission, and their client, who was not present at the trial, had not authorized them to make any such admission. Moreover, the defendant's counsel object to any such alteration of the record as is asked for in the plaintiff's petition. The notes of the trial made by the stenographer and filed of record should be regarded as a complete record of all acts done and admissions made during the trial, and nothing should be interpolated which does not appear from the record, and which depends merely upon the memory of the counsel for the plaintiff, or even upon the memory of the judge who tried the cause.

On February 7, 1887, the court filed the following statement and order:

Arguments.

Upon the trial of this cause, defendant's counsel who tried the case admitted the title of the plaintiff and the liability of the defendant. The question in dispute was the amount of damages to be awarded. With the express admissions made to court and jury, the court then instructed the jury that "There is no dispute here as to the plaintiff being entitled to recover something. The only question in this case is as to the amount of damages the jury ought to assess for the injury done." To this portion of the charge of the court no objection was taken. The only exceptions taken by defendant were as to the rules laid down as to the measure of damages.

And now, to wit, February 7, 1887, the court direct petition of plaintiff to be filed, and the record to be amended as prayed for, and that the petition and order of the court be attached to and made part of the record in this case. Per curiam.

In this court the errors assigned were:

1. The part of the charge embraced in [ ]¹
2. The answer to the plaintiff's point.²
3–5. The parts of the charge embraced in [ ]³ to 5
6. The submission to the jury, in the answer to the plaintiff's point, of the question as to whether the defendant's employees had used "nine kegs of powder and dynamite in one blast," when there was no competent evidence from which such fact could be found.

*Mr. Cyrus G. Derr* (with him *Mr. J. Ed. Miller, Mr. D. Ermentrout* and *Mr. C. H. Ruhl*), for the plaintiff in error:

The plea of not guilty put the plaintiff upon proof of all the material averments of the declaration, including her ownership of the premises, the negligent blasting and injury. To say, therefore, that there was no dispute as to the plaintiff's right to recover something, was to instruct the jury that the plaintiff's testimony established all these material averments. The very issue trying was whether the plaintiff was entitled to recover or not, and though all her witnesses had testified to her ownership and the other averments, yet their credibility was to be determined by the jury: Madara v. Eversole, 62 Pa. 165.

2. The plaintiff imputed gross negligence as the basis of a

claim for exemplary damages, and this imputation is based upon the allegation that the defendant had used nine kegs of powder and dynamite in one blast. Baer's testimony was excluded, and that of Machemer was the only testimony on the subject and he admits he received his information from "the people working there." Admitting that these people were employees of the defendant, and it is not clear they were, the declarations òf ordinary laborers and subalterns are not binding upon their employer: Whart., Agency, § 160; Luby v. Railroad Co., 3 Smith 731.

3. The narr. does not allege gross negligence or aggravating circumstances, nor does it indicate any intention to claim exemplary damages. Under the pleadings, therefore, the court should not have submitted the question to the jury: Steph. on Pl., 372; Chitty Pl., 412*. There was also error in charging that gross negligence would warrant the awarding of exemplary damages. The cases, stated fairly, we think, whether they make for or against us, are: Cummings v. Gann, 52 Pa. 491; Dennis v. Barber, 6 S. & R. 420; McBride v. McLaughlin, 5 W. 375; McDonald v. Scaife, 11 Pa. 385; Porter v. Seiler, 23 Pa. 428; Robison v. Rupert, 23 Pa. 525; Nagle v. Mullison, 34 Pa. 53; Hodgson v. Millward, 3 Gr. 411; Flinn v. Graham, 3 Pittsb. 200; Seely v. Alden, 61 Pa. 305; Neiler v. Kelley, 69 Pa. 408; Orr v. Seiler, 1 Penny. 448; McCarthy v. DeArmit, 99 Pa. 72; Blair Iron & Coal Co. v. Lloyd, 3 W. N. 103; 1 Sedgwick, Dam., 53, n.; 2 Idem 327; Railroad Co. v. Lockwood, 17 Wall. 357; Pritchett v. Crook, 20 Wis. 358; Bannon v. Railroad Co., 24 Md. 108; Milwaukee etc. R. Co. v. Armes, 1 Otto 495; Telegraph Co. v. Eyser, 1 Otto 495.

4. It was error to permit the jury to find exemplary damages against the employer for the gross negligence of his employees, even though gross negligence would warrant exemplary damages. While the defendant should compensate the plaintiff for injury done by the negligence of his employees, on what principle of justice can he be punished for it? Cleghorn v. Railroad Co., 56 N. Y. 44; 2 Sedg. Dam. 329, n.

*Mr. Jeff. Snyder* (with him *Mr. Geo. F. Baer*), for the defendant in error:

1. The defendant below admitted liability. The counsel

who prepared the paper books was not engaged in the trial. The only evidence submitted by defendant was grounded on the fact of his admitted liability for some amount of damages, and the remark of the court was a correct statement of the condition of the case.

2. Machemer's testimony was admitted without objection. Afterwards, the objection to the testimony of Baer was clearly confined to the admission of the hearsay statement, "he said he was going to give Hamburgh a shock once." The very next question as to the powder and dynamite was answered without objection. A party will not be heard to say that evidence admitted without objection was incompetent: Coe v. Hutton, 1 S. & R. 398, 406 ; Scott v. Sheakly, 3 W. 50.

3. Under the averments of the narr., not presented by the defendant, all our evidence was admissible upon a claim for exemplary damages ; and we submit that the whole transaction manifested such a culpable indifference to consequences, such reckless disregard for the rights and safety of others, that the court was entirely justified in submitting whether there was gross negligence or wanton recklessness in the act causing the injury: Seely v. Alden, 61 Pa. 305 ; Blair Iron & Coal Co. v. Lloyd, 3 W. N. 103.

4. The only authority produced for the position that it was error to permit the jury to find exemplary damages against the defendant is a note to Sedgwick on Damages, and a New York case cited therein. The editor cites a few states where it has so been held, but Pennsylvania is not among them. Blair Iron & Coal Co.,supra,shows that the rule does not prevail here.

Opinion, MR. JUSTICE WILLIAMS:

The evidence in this case shows that McFadden was a contractor on the Reading and Pottsville Railroad. His employees were engaged in blasting rocks on land adjoining that of Mrs. Rausch and within five or six yards of her house. On the 15th of September, 1885, a blast was discharged which seriously injured the house, opening cracks in the walls, shaking down the chimney and portions of the plastering, and so disturbing the foundation that the doors would not shut and the brick walls were weakened. This action was brought against McFadden to recover for the injury which his em-

ployees had thus inflicted upon Mrs. Rausch. The jury to which the case was submitted returned a verdict in favor of the plaintiff "for $629 actual damages, and $71 exemplary damages, in all seven hundred dollars;" and judgment was entered on the verdict for the sum of $700.

On the trial, the title of Mrs. Rausch was not denied. It was not denied that McFadden was the contractor whose employees were doing the blasting. It was not denied that the house of the plaintiff was injured to some extent. The entire case of the defendant consisted of the testimony of two witnesses, both of whom were mechanics, and who were called to show that the cracks in the walls, the broken plastering, and the chimney could be patched up at an actual expense of from $100 to $200. The learned judge of the court below instructed the jury that, upon the evidence, the only question was as to the amount of damages which the plaintiff ought to recover. This instruction is the subject of the first assignment of error. We have looked over the testimony and we conclude that the amount of the damages to which the plaintiff was entitled was the only subject about which there was any conflict in the evidence. It seems to be the only subject really mooted at the trial. No question was raised at the time about the correctness of the instruction, and none was raised so far as the paper books enable us to judge, on the motion for a new trial. It ought not to be raised now for the first time, and, upon the facts of this case, it is without merit.

The fourth assignment of error raises a question of the admissibility of certain testimony under the pleadings ; but, as the plaintiff in error has not seen fit to place the pleadings before us, we are unable to consider the question and for that reason dismiss the assignment.

The second and third assignments allege error in the submission of the question of gross negligence and wanton recklessness. The evidence upon which the jury was allowed to consider this question, was the declarations made by persons about the quarry as to the amount of explosive used. Who these persons were and what relation they stood in towards McFadden, does not appear, except as it may be guessed at from the testimony of the witness Machemer, which is as follows :—

Q. Do you know how large a quantity of powder was put in?

A. I did not see it. I can only say what I heard said. Q. Whom did you hear say it? A. I heard it from the people who were working there. Q. What was it? A. They said nine kegs, nine cases, and also dynamite.

From this testimony it was not certain when the statement was made, or by whom, or whether it related to a single explosion or to the work of the whole day. Taking it just as it stands, it was incompetent for the purpose of affecting McFadden and should not have been submitted to the jury. That portion of the verdict which is for exemplary damages necessarily rests upon a finding of wanton recklessness on the part of McFadden's employees, and that finding rests, or may, upon the incompetent testimony which we have just considered.

The only remaining assignment raises an important question which under the view we have taken of this case is not necessarily involved in it. The learned judge of the court below instructed the jury, that if they found, from the evidence, McFadden's employees were guilty of wanton recklessness they might punish him for their misconduct by imposing exemplary damages. Dicta may be found in several of our cases which seem to sustain this instruction, but we recall no case in which this precise point was necessary to a decision. The rule of respondeat superior, though a salutary and well established one, is ordinarily harsh and severe in its application. When the master has made full and complete pecuniary satisfaction for the injury done by the reckless conduct of his servant, it would seem reasonable and in consonance with the dictates of justice that the punishment over and beyond compensation, should fall upon the back of the offender, rather than on that of his employer. But as we shall dispose of the exemplary damages because of the incompetency of the evidence on which such damages must have been found, it will be unnecessary to consider the question raised by the instruction complained of.

The judgment of the court below is reversed upon the second and third assignments of error. But as the jury have found separately the exemplary and the actual damages,

Judgment is now entered upon the verdict for the sum of six hundred and twenty-nine dollars, the amount of the actual damages found by the jury, with interest and costs accrued in the court below.